UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAMAL K. ROY,

               Plaintiff,

v.

UNITED STATES GOVERNMENT, et. al.,

               Defendants.

Case No. C11-1636-JLR

**REPORT AND RECOMMENDATION**

Pro se plaintiff Kamal K. Roy, has filed an application to proceed in forma pauperis ("IFP") in this proposed lawsuit against "N.Y. s. Education Department, USA Govt., Washington D.C.; May E. Zysinski, CPA Revenue Aget.; Associated Press, NYC; Wikipededia, S/F Californian; et. al defendants." Dkt. 1. Having reviewed plaintiff's IFP application, proposed complaint, supporting materials, the governing law and the balance of the record, the Court recommends that his case be **DISMISSED** with prejudice and his IFP application be **DENIED** as moot.

This Court may deny an IFP application and should dismiss a complaint that is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The nature of plaintiff's complaint is unclear as both the complaint

REPORT AND RECOMMENDATION - 1

and the 121 page attachment are incomprehensible. The Court assumes plaintiff seeks to bring an action under 42 U.S.C. § 1983 because jotted in the margin of page one of the complaint is a note stating "Civil rights-violation on weaker people including KK Roy" and because the second page states "The IRS letter of 6/29/2011 should be revoked. IRS officers altered Tax yr without consulting plaintiffs (see exhibits Poor people should be given equal rights of protection of the law now missing @ large extent." The complaint goes on to state: "Investigation of consumption is deserved NYS education Dept Dept of Licensing law that a dead person has to provide CPR on corpse. The law may be declared U.S. unconstitutional Spl. Fed. Prosecutor be appointed to enquire B.C. and Pres. of B.H. Obama." Dkt 1.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show his federal constitutional or statutory rights were violated, and that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff has failed to do so here. Rather his proposed complaint is an incomprehensible and vague 121 page amalgamation of handwritten pages, copies of letters, and internet materials. Most of plaintiff's pleadings contain handwritten comments scrawled around the borders of the page, and between paragraphs, making many pages impossible to read. Many of the documents appear to be recycled pleadings filed in, or relating to, actions plaintiff has brought in the District of Colorado; the Northern District of Texas; the Northern District of New York; the IRS offices in Ogden Utah and Washington D.C.; the District of Connecticut; the Federal Election Commission in Washington D.C.; the "District of Illinois"; the Central District of California; the District of Alaska; and the United States Supreme Court.

In short, the proposed complaint presents a string of disjointed and rambling statements that: (a) fail to specifically identify what federal statutory or constitutional rights were allegedly

violated; and (b) fail to show how the defendants personally participated in depriving plaintiff of his federal or constitutional rights.  Additionally, plaintiff is a resident of the Northern District of New York.  He presents nothing showing why he did not file his action in that district and nothing showing why this action is properly brought in this district.  As far as the Court can divine, there is nothing showing any defendant resides in this district or that a substantial part of events giving rise to the complaint occurred in this district.

This is not the first time plaintiff has presented a frivolous complaint in this district.  *See*, e.g., *Roy v. Federal Election*, C08-1480-RSL; *Roy v. McCain*, C08-919-TSZ; *Roy v. All State Bd. of Elections*, C07-1419-RSL; *Roy v. Roberts et al.*, C07-1157-TSZ; and *Roy v. Bush et al.*, C07-484-JCC.  He was previously advised that if he filed another frivolous action in this district, he might be sanctioned.  *See Roy v. U.S. Government, et. al*, C08-1626-MJP.

Accordingly, the Court recommends that plaintiff's case be **DISMISSED** with prejudice and his IFP application **DENIED** as moot.  28 U.S.C. § 1915(e)(2)(B).  Any objections to this Recommendation must be filed by **November 2, 2011.**  The matter will be ready for the Court's consideration on November 2, 2011.  Objections shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.  A proposed Order accompanies this Report and Recommendation.  The Clerk of the Court is directed to provide a copy of this Report and Recommendation to plaintiff and to the Honorable James L. Robart.

DATED this 19th day of October, 2011.

BRIAN A. TSUCHIDA  
United States Magistrate Judge